IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MERLE J. DUEHR, JR, Chairman on behalf of the Steelworkers Pension Trust, <br><br> Plaintiff, <br><br> v. <br><br> MARRIOTT HOTEL MANAGEMENT CO. VI INC., d/b/a FRENCHMAN'S REEF & MORNING STAR MARRIOTT RESORT, <br><br> Defendant. | Civil Action <br><br> No. 10-4342 |

February 10, 2011

## MEMORANDUM

Plaintiff Merle J. Duehr, Jr. ("Duehr"), on behalf of and as Chairman of the Board of Trustees of the Steelworkers Pension Trust, moves the court for a default judgment against defendant Marriott Hotel Management Co. VI, Inc. ("Marriott"). For the reasons that follow, I will grant plaintiff's motion and enter a default judgment against the defendant in the amount totaling $3,292.52, inclusive of attorney's fees and interest.

### I.  Background

As alleged in the complaint, Duehr is a fiduciary of the Steelworkers Pension Trust ("the Plan"), which is an "employee benefit pension plan" within the meaning of 29

U.S.C. § 1002(2)(A) because it was created by a labor union and employers to provide retirement benefits to employees. (Compl. ¶¶ 3-4.) Because the Plan is maintained pursuant to collective bargaining agreements between a labor union and multiple employers, it is a "multiemployer plan" within the meaning of 29 U.S.C. § 1002(37)(A). (*Id.* ¶ 5.) The Plan is administered in this judicial district. (*Id.* ¶ 3.)

The collective bargaining agreement between the union, United Steelworkers of America, Local 8249, and the defendant-employer Marriott required Marriott, each month, to contribute to the Plan an amount equal to forty cents ($0.40) for each hour worked by all covered employees during the previous month. (*Id.* ¶ 6; Docket No. 6 Exh. A (Pension Incorporation Agreement).) It is alleged that Marriott underpaid the pension contribution for hours worked by employees in July 2009 by $1,087.52. (Compl. ¶ 7.)

On August 26, 2010, Duehr filed the instant complaint against Marriott, alleging a failure to make contributions to an Employee Pension Benefit Plan in violation of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1145. (Docket No. 1.) A summons was issued and served on Laurina Joseph, Human Resources Manager, on October 12, 2010. (Docket No. 4.) Marriott did not respond in the 21 days allotted by Federal Rule of Civil Procedure 12(a)(1)(A)(i).

On November 4, 2010, Duehr filed a praecipe to enter default in favor of plaintiff (Docket No. 5), and the clerk entered default on November 19, 2010, *nunc pro tunc* to November 4. On November 9, 2010, Duehr filed a motion for award of attorney's fees

and entry of civil judgment in favor of plaintiff pursuant to Federal Rule of Civil Procedure 55. (Docket No. 6.)

## II. Discussion

This court has jurisdiction over this case pursuant to 29 U.S.C. § 1132(e)(1). Venue is appropriate pursuant to 29 U.S.C. § 1132(e)(2) because the plan at issue is administered in this district.

Federal Rule of Civil Procedure 55(b)(2) authorizes a court to enter, upon application to the court by a party, a default judgment in cases where the defendant is not "an infant or incompetent person." When entertaining a motion for default judgment, a district court should examine "three factors [that] control whether a default judgment should be granted: (1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000).

In this case, entry of default judgment is warranted. Plaintiff will have an underfunded pension plan, undoubtedly prejudicing the plan's ability to pay its liabilities, and it has been waiting well over a year to be made whole. The defendant has also not submitted any responsive pleadings, and this court can conclude only that it has no litigable defense. *Cf. Spencer v. Frank*, No. 88-1413, 1990 WL 99110 (E.D. Pa. July 12, 1990) (assuming, where plaintiff failed to respond to defense's jurisdictional challenge, that plaintiff has no cognizable response). Finally, the defendant's delay, while not

3

appearing to be due to culpable conduct, is without explanation and defendant to this day has not responded to the summons and complaint.

Marriott was obligated by the terms of the Plan to make contributions every month, adding $0.40 for each hour worked by all covered employees during the previous month. Failure to do so is a violation of 29 U.S.C. § 1145. Accordingly, plaintiff asks this court to enter default judgment in its favor and award it compensation in accordance with 29 U.S.C. § 1132(g)(2). The amount requested by plaintiff is $1,230.02 for principal ($1,087.52), interest (for 15 months' delinquency at 5.25% per annum comes to $71.25), and ERISA interest (an additional $71.25) pursuant to 29 U.S.C. § 1132(g)(2)(A)-(C), and an additional $2,062.50 for attorney's fees pursuant to 29 U.S.C. § 1132(g)(2)(D). Plaintiff has submitted an affidavit from the plan accounting manager, Gary Gordon, in support of the $1,230.02 award, and an affidavit from counsel in support of the fee award. (Docket No. 6 at 6, 7–9.) Both the compensatory award and the fee award appear to be consistent with the terms of the Plan and the statute, and accordingly, I will enter judgment in the amounts of $1,230.02 and $2,062.50 against Marriott in favor of the Plan.

## III. Conclusion

For these reasons, I will grant plaintiff's motion for entry of default judgment. An appropriate order follows.